
...

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN



UNITED STATES OF AMERICA,

        Plaintiff,

v.

        Case No. 15-CR-163 (PP)

PHILLIP A. EPICH,

        Defendant.

## PLEA AGREEMENT

1.     The United States of America, by its attorneys, Gregory J. Haanstad, United States Attorney for the Eastern District of Wisconsin, and Penelope L. Coblentz, Assistant United States Attorney, and the defendant, Phillip A. Epich, individually and by attorney Anderson M. Gansner, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, enter into the following plea agreement:

### CHARGES

2.     The defendant has been charged in a two-count indictment, which allege violations of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B).

3.     The defendant has read and fully understands the charges contained in the indictment. He fully understands the nature and elements of the crimes with which he has been charged, and the charges and the terms and conditions of the plea agreement have been fully explained to him by his attorney.

1

4. The defendant voluntarily agrees to plead guilty to the following count set forth in full as follows:

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1. On or about February 24, 2015, in the State and Eastern District of Wisconsin and elsewhere,

**PHILLIP A. EPICH**

knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, that had been mailed, shipped and transported in and affecting interstate and foreign commerce; and which contained material which had been shipped, and transported by a means and facility of interstate and foreign commerce, including by computer.

2. The child pornography received by the defendant included the following image identified as follows:

| Partial File Name | Description |
|---|---|
| PROSex04jp_...jpg.1.jpg | This color image is a collage of 16 photos depicting a naked prepubescent girl, approximately 6-to-8 years of age, engaged in a variety of sexual acts with an adult male, including sexual intercourse and the male ejaculating on the girl's face. |

All in violation of Title 18, United States Code, Section 2252A(a)(2).

5.  The defendant acknowledges, understands, and agrees that he is, in fact, guilty of the offense described in paragraph 4. The parties acknowledge and understand that if this case were to proceed to trial, the government would be able to prove the following facts beyond a reasonable doubt. The defendant admits that these facts are true and correct and establish his guilt beyond a reasonable doubt:

In 2014, agents with the Federal Bureau of Investigation (FBI) began an online undercover investigation to identify individuals who were using a particular website, identified as Website A in this document, to access and receive images and videos depicting child pornography over the Internet. Through investigation, the agents determined that a particular user had accessed this website using a unique screen name in February 2015 and using a particular Internet Protocol (IP) address. Subpoenaed documents from the Internet service provider for this IP address revealed the subscriber information resolved to a particular residence located in West Allis, Wisconsin (later identified as Philip Epich's residence). Evidence also revealed that Epich had accessed a website dedicated to child pornography and related matters.

On February 21, 2015, a user with IP address 107.207.176.128 (which resolved to Epich's residence) logged into Website A with a username and password, and accessed a post entitled, "3 hour preteen girl orgasms compilation." This post had a comment which stated "An epic hour long compilation of preteen girl's masturbating to orgasms. Some really nice pussy juice leaking, lip snapping, anus twitching, labia contracting and full body spasming orgasms here. And they are all cute little preteen girls. Amazing." This particular post itself did not contain any sample images or media of child pornography, but rather an image file depicting the name of the website to access that file.

3

On February 23, 2015, this user accessed a post named "Andea 11yo girl - Adry 10yo girl + Little Girl 4yo Suck Hard!+ New Videoboard" which contained a link to images that depicted prepubescent female children engaging in sexual intercourse with adult males. This post also contained a sample of photos to demonstrate to the user what he or she would see if the file was downloaded – all of these samples depicted child pornography.

On February 24, 2015, this user then accessed a post named "Childluv PROSex Video series - 1st 10 - (Now + 11 to 20) (Now +21 to 30)" which contained a link to images that depicted prepubescent female children engaging in sexual intercourse with adult males. This post also contained a sample of photos to demonstrate to the user what he or she would see if the file was downloaded – all of these samples depicted child pornography. One of these sample photos is described as follows:

> **Filename**: PROSex04jp_6031963_15865091.jpg.1.jpg
>
> **Description**: This color image is a collage of 16 photos depicting a nude prepubescent girl, approximately 6 to 8 years of age, engaged in a variety of sexual acts with an adult male, including sexual intercourse and the male ejaculating on the girl's face.

On July 17, 2015, a federal agent obtained a search warrant for Epich's residence located at 19XX South 72nd Street, West Allis, Wisconsin. The following day the federal search warrant was executed at this address. In a small room on the second floor of the residence, agents encountered a desk which held a desktop, laptop and three monitors, as well as a variety of loose media, such as DVDs. Forensic examination revealed that the desktop had the assigned name, "bigboi," and contained references to filenames including the letters,"pthc," which refers to "preteen hardcore." Over 600 images of child pornography were located on Epich's Maxtor hard drive and a SanDisk thumb drive, which was recovered on a later date.

Epich knowingly downloaded the images and videos of child pornography contained on these devices, including the images identified in Count One of the indictment from the Internet, a facility of interstate commerce. The production of the images and videos depicting child pornography received and possessed by Epich involved the use of at least one minor child engaged in sexually explicit conduct and depicted minor children engaged in sexually explicit conduct. Epich knew that at least one of the performers in each of the visual depictions that he received and possessed was a minor child and that the visual depictions were of such minors engaged in sexually explicit conduct.

Epich, who was not in custody, was questioned by FBI agents on July 18, 2015. Epich was advised of his constitutional rights which he stated he understood and waived. Regarding the search warrant, Epich was advised that agents were investigating his online access to child pornography. Epich admitted that AT&T was his Internet provider, and that he previously accessed Website A via his desktop, which he named, "bigboi," to view child pornography, which he would delete after viewing. Epich stated that he began to access Website A in early 2015, and visited it a few dozen times. Epich was further advised of some of the forum posts which he had accessed, and though he couldn't recall them specifically, admitted that he would have accessed them and viewed whatever child pornography was contained within. Epich added that Website A was only one of the websites which he accessed to view child pornography.

## **PENALTIES**

6. The parties understand and agree that the offense to which the defendant will enter a plea of guilty carries the following term of imprisonment and fine: Not less than 5 years nor more

than 20 years' imprisonment; a $250,000 fine and, a mandatory minimum term of five years to life of supervised release. The count also carries a mandatory special assessment of $100.

## ELEMENTS

7. The parties understand and agree that in order to sustain the charge of receipt of child pornography as set forth in count one of the indictment, the government must prove each of the following propositions beyond a reasonable doubt:

First, that the defendant knowingly received one or more matters that contained visual depictions of at least one minor child engaging in sexually explicit conduct;

Second, that such visual depictions were received using a means or facility of interstate and foreign commerce, that is, by computer via the Internet; and

Third, the defendant knew that one or more persons depicted in the matter was under the age of eighteen years.

## SENTENCING PROVISIONS

8. The parties agree to waive the time limits in Fed. R. Crim. P. 32 relating to the presentence report, including that the presentence report be disclosed not less than 35 days before the sentencing hearing, in favor of a schedule for disclosure, and the filing of any objections, to be established by the court at the change of plea hearing.

9. The parties acknowledge, understand, and agree that any sentence imposed by the court will be pursuant to the Sentencing Reform Act, and that the court will give due regard to the Sentencing Guidelines when sentencing the defendant.

10. The parties acknowledge and agree that they have discussed all of the sentencing guidelines provisions which they believe to be applicable to the offense set forth in paragraph 3. The defendant acknowledges and agrees that his attorney in turn has discussed the applicable sentencing guidelines provisions with him to the defendant's satisfaction.

11. The parties acknowledge and understand that prior to sentencing the United States Probation Office will conduct its own investigation of the defendant's criminal history. The parties further acknowledge and understand that, at the time the defendant enters a guilty plea, the parties may not have full and complete information regarding the defendant's criminal history. The parties acknowledge, understand, and agree that the defendant may not move to withdraw the guilty plea solely as a result of the sentencing court's determination of the defendant's criminal history.

### Sentencing Guidelines Calculations

12. The defendant acknowledges and understands that the sentencing guidelines recommendations contained in this agreement do not create any right to be sentenced within any particular sentence range, and that the court may impose a reasonable sentence above or below the guideline range. The parties further understand and agree that if the defendant has provided false, incomplete, or inaccurate information that affects the calculations, the government is not bound to make the recommendations contained in this agreement.

### Relevant Conduct

13. The parties acknowledge, understand, and agree that pursuant to Sentencing Guidelines Manual § 1B1.3, the sentencing judge may consider relevant conduct in calculating the sentencing guidelines range, even if the relevant conduct is not the subject of the offense to which the defendant is pleading guilty.

### Base Offense Level

14. The parties agree to recommend to the sentencing court that the applicable base offense level for the offense charged in count one is **22** under Sentencing Guidelines Manual §2G2.2(a)(2).

## Specific Offense Characteristics

15. The defendant understands the government will recommend to the sentencing court that the following adjustments to the base offense level are applicable for the offense charged in count one (receipt of child pornography):

A **2-level** increase for material which involved a prepubescent minor or a minor who had not attained the age of 12 years is applicable to the offense level under Sentencing Guidelines Manual §2G2.2(b)(2);

A **2-level** increase for use of a computer is applicable to the offense under Sentencing Guidelines Manual § 2G2.2(b)(6);

A **5-level** increase as the offense involved 600 or more images is applicable to the offense level under Sentencing Guidelines Manual §2G2.2(b)(7)(D);

A **5-level** increase for a pattern of activity is applicable to the offense level under Sentencing Guidelines Manual §2G2.2(b)(5); and,

A **4-level** increase pursuant to Sentencing Guidelines Manual § 2G2.2(4) because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; and

A **2-level** decrease because the defendant did not intend to traffic in, or distribute, such material pursuant to Sentencing Guidelines Manual §2G2.2(b)(1).

## Sex Offender Registration and Notification

16. The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: the location of his residence; the location of his employment; and, if he is a student, the location of his school. Registration will require that the defendant

provide information that includes, name, residence address, and the names and addresses of any places at which he will be an employee or a student. The defendant understands that he must update his registration not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations may subject him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine and/or imprisonment.

## DISMISSAL OF REMAINING COUNT

17. The government agrees to move to dismiss the remaining count of the indictment at the time of sentencing.

### Acceptance of Responsibility

18. The government agrees to recommend a two-level decrease for acceptance of responsibility as authorized by Sentencing Guidelines Manual § 3E1.1(a), but only if the defendant exhibits conduct consistent with the acceptance of responsibility. In addition, if the court determines at the time of sentencing that the defendant is entitled to the two-level reduction under § 3E1.1(a), the government agrees to make a motion recommending an additional one-level decrease as authorized by Sentencing Guidelines Manual § 3E1.1(b) because the defendant timely notified authorities of his intention to enter a plea of guilty.

### Sentencing Recommendations

19. Both parties reserve the right to provide the district court and the probation office with any and all information which might be pertinent to the sentencing process, including but not limited to any and all conduct related to the offense as well as any and all matters which might constitute aggravating or mitigating sentencing factors.

20. Both parties reserve the right to make any recommendation regarding any other matters not specifically addressed by this agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

21. The government will recommend a term of imprisonment of 90 months, followed by fifteen years of supervised release. The defendant will not join in this recommendation and is free to recommend a sentence below the applicable guideline range with the understanding that count one carries a minimum term of imprisonment of five years.

## Court's Determinations at Sentencing

22. The parties acknowledge, understand, and agree that neither the sentencing court nor the United States Probation Office is a party to or bound by this agreement. The United States Probation Office will make its own recommendations to the sentencing court. The sentencing court will make its own determinations regarding any and all issues relating to the imposition of sentence and may impose any sentence authorized by law up to the maximum penalties set forth in paragraph 6 above. The parties further understand that the sentencing court will be guided by the sentencing guidelines but will not be bound by the sentencing guidelines and may impose a reasonable sentence above or below the calculated guideline range.

23. The parties acknowledge, understand, and agree that the defendant may not move to withdraw this guilty plea solely as a result of the sentence imposed by the court.

## FINANCIAL MATTERS

24. The defendant acknowledges and understands that any and all financial obligations imposed by the sentencing court are due and payable upon entry of the judgment of conviction.

The defendant agrees not to request any delay or stay in payment of any and all financial obligations.

25. The defendant agrees that, during the period of any supervision imposed by the court in this case, the defendant will provide the Financial Litigation Unit (FLU) of the United States Attorney's Office with completed financial forms which will be provided by FLU, and will provide any documentation required by those forms. The defendant will provide FLU with such completed financial forms with required documentation within the first two months of supervision, at six month intervals thereafter during supervision, and within the last six months of scheduled supervision. The defendant acknowledges and agrees that, while he is on supervision, the Probation Department and FLU can exchange financial information pertaining to the defendant in order to facilitate collection of any fine or restitution ordered by the court as part of the sentence in this case.

## Special Assessment

26. The defendant agrees to pay the special assessment in the amount of $100 prior to or at the time of sentencing.

## Forfeiture

27. The defendant agrees that all properties listed in the indictment were used to facilitate such offense. The defendant agrees to the forfeiture of these properties and to the immediate entry of a preliminary order of forfeiture. The defendant agrees that he has an interest in each of the listed properties. The parties acknowledge and understand that the government reserves the right to proceed against assets not identified in this agreement.

## **DEFENDANT'S WAIVER OF RIGHTS**

28. In entering this agreement, the defendant acknowledges and understands that in so doing he surrenders any claims he may have raised in any pretrial motion, as well as certain rights which include the following:

   a. If the defendant persisted in a plea of not guilty to the charges against him, he would be entitled to a speedy and public trial by a court or jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

   b. If the trial is a jury trial, the jury would be composed of twelve citizens selected at random. The defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of guilty. The court would instruct the jury that the defendant is presumed innocent until such time, if ever, as the government establishes guilt by competent evidence to the satisfaction of the jury beyond a reasonable doubt.

   c. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

   d. At such trial, whether by a judge or a jury, the government would be required to present witnesses and other evidence against the defendant. The defendant would be able to confront witnesses upon whose testimony the government is relying to obtain a conviction and he would have the right to cross-examine those witnesses. In turn the defendant could, but is not obligated to, present witnesses and other evidence on his own behalf. The defendant would be entitled to compulsory process to call witnesses.

   e. At such trial, defendant would have a privilege against self-incrimination so that he could decline to testify and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify on his own behalf.

29. The defendant acknowledges and understands that by pleading guilty he is waiving all the rights set forth above. The defendant further acknowledges the fact that his attorney has explained these rights to him and the consequences of his waiver of these rights. The defendant further acknowledges that as a part of the guilty plea hearing, the court may question the defendant under oath, on the record, and in the presence of counsel about the offense to which the defendant intends to plead guilty. The defendant further understands that the defendant's answers may later be used against the defendant in a prosecution for perjury or false statement.

30. The defendant acknowledges and understands that he will be adjudicated guilty of the offense to which he will plead guilty and thereby may be deprived of certain rights, including but not limited to the right to vote, to hold public office, to serve on a jury, to possess firearms and ammunition, and to be employed by a federally insured financial institution.

## **GENERAL MATTERS**

31. The parties acknowledge, understand, and agree that this agreement does not require the government to take, or not to take, any particular position in any post-conviction motion or appeal.

32. The parties acknowledge, understand, and agree that this plea agreement will be filed and become part of the public record in this case.

33. The parties acknowledge, understand, and agree that the United States Attorney's office is free to notify any local, state, or federal agency of the defendant's conviction.

34. The defendant understands that pursuant to the Victim and Witness Protection Act, the Justice for All Act, and regulations promulgated thereto by the Attorney General of the United States, the victim of a crime may make a statement describing the impact of the offense on the victim and further may make a recommendation regarding the sentence to be imposed. The

13

defendant acknowledges and understands that comments and recommendations by a victim may be different from those of the parties to this agreement.

## EFFECT OF DEFENDANT'S BREACH OF PLEA AGREEMENT

35. The defendant acknowledges and understands if he violates any term of this agreement at any time, engages in any further criminal activity prior to sentencing, or fails to appear for sentencing, this agreement shall become null and void at the discretion of the government. The defendant hereby knowingly and voluntarily waives any defense based on the applicable statute of limitations for any charges filed against the defendant as a result of his breach of this agreement. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing.

## VOLUNTARINESS OF DEFENDANT'S PLEA

36. The defendant acknowledges, understands, and agrees that he will plead guilty freely and voluntarily because he is in fact guilty. The defendant further acknowledges and agrees that no threats, promises, representations, or other inducements have been made, nor agreements reached, other than those set forth in this agreement, to induce the defendant to plead guilty.

## ACKNOWLEDGMENTS

I am the defendant. I am entering into this plea agreement freely and voluntarily. I am not now on or under the influence of any drug, medication, alcohol, or other intoxicant or depressant, whether or not prescribed by a physician, which would impair my ability to understand the terms and conditions of this agreement. My attorney has reviewed every part of this agreement with me and has advised me of the implications of the sentencing guidelines. I have discussed all aspects of this case with my attorney and I am satisfied that my attorney has provided effective assistance of counsel.

Date: 3/11/16

PHILLIP A. EPICH
Defendant

I am the defendant's attorney. I carefully have reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

Date: 3/11/16

ANDERSON M. GANSNER
Attorney for Defendant

For the United States of America:

Date: March 15, 2016

GREGORY J. HAANSTAD
United States Attorney

Date: March 15, 2016

PENELOPE L. COBLENTZ
Assistant United States Attorney